OWEN P. MARTIKAN (CA Bar #177104)
owen.martikan@cfpb.gov
BENJAMIN KONOP
benjamin.konop@cfpb.gov
CONSUMER FINANCIAL PROTECTION BUREAU
1700 G Street NW
Washington, DC 20552
Telephone: (415) 844-9790
Facsimile: (415) 844-9788

Attorneys for Plaintiff
Consumer Financial Protection Bureau

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>AMERICAN ADVISORS GROUP,<br><br>　　　　Defendant. | CASE NO.:<br><br>**COMPLAINT** |

## INTRODUCTION

1. American Advisors Group (AAG) offers and provides reverse mortgages, products marketed toward consumers 62 years and older that allow homeowners to borrow money using their home's value as security for the loans.

2. The home's value is thus a key component in determining how much a consumer can borrow: the bigger the difference between the home's appraised value and the existing mortgage balance, the more funds a consumer can obtain from a reverse mortgage.

3. In the course of marketing its product, AAG sent to consumers mail advertisements that included inflated estimates of the consumers' estimated home values to entice the consumers to enter into negotiations to open reverse mortgages with the company. The advertisements falsely stated that AAG had made "every attempt to ensure the home value information provided is reliable."

4. AAG's inflated estimates and false statements were deceptive under the Consumer Financial Protection Act and violated a 2016 administrative consent order entered by the Bureau against AAG.

5. The Bureau brings this action under § 1054 of the CFPA, 12 U.S.C. § 5564, to stop AAG's unlawful conduct, to obtain relief for harmed consumers, and to seek a civil money penalty against AAG.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction because this action is "brought under Federal consumer financial law," 12 U.S.C. § 5565(a)(1), presents a federal question, 28 U.S.C. § 1331, and is brought by an agency of the United States, 28 U.S.C. § 1345.

7. This Court has personal jurisdiction over AAG because the causes of action arise from AAG's conduct in this district. 12 U.S.C. § 5564(f).

8. Venue is proper in this district because AAG is located, resides, and does business in this district. 12 U.S.C. § 5564(f).

## PARTIES

9. The Bureau is an agency of the United States charged with regulating the offering and provision of consumer-financial products and services under "Federal consumer financial laws," 12 U.S.C. § 5491(a), including the CFPA, 12 U.S.C. § 5481(14). The Bureau has independent litigating authority, including the authority to enforce the CFPA. 12 U.S.C. § 5564(a), (b).

10. American Advisors Group is a national mortgage lender licensed in 49 states and the District of Columbia and headquartered in Irvine, California.

11. AAG is a "covered person" under the CFPA because it is a corporation that engages in offering and providing residential mortgage loans, which are "consumer financial products or services" under the CFPA. 12 U.S.C. § 5481(5), (6), (15)(A)(i), (19).

## FACTS

12. AAG is the nation's largest provider of reverse mortgages.

13. Unlike traditional mortgages, reverse mortgages do not require borrowers to make monthly mortgage payments. Instead, the amount that the borrower owes grows over time, and the loan is repaid when the borrower no longer lives in the home or defaults on the loan, such as through failure to pay property taxes or to maintain insurance.

14. Reverse mortgages take part of the home equity and convert it into payments to consumers—a kind of advance payment on home equity.

15. The home's value is thus a key component in determining how much a consumer can borrow: the bigger the difference between the home's appraised value and the mortgage balance, the more funds a consumer can obtain from a reverse mortgage.

16. In marketing its product, AAG used mailers that included inflated estimated home values to solicit consumers to open a reverse mortgage with the company.

17. Once consumers engaged with AAG, they were more likely to complete the transactions.

18. AAG's inflated home-value estimates harmed consumers, who might not have shopped for competing products and who might have seen a reduced borrower benefit once the property was appraised, and it harmed other market participants, who might have lost customers to their competitor's deceptive advertising.

19. AAG prominently displayed the misleading "Est[imated] Home Value" at the top of many of its marketing materials.

20. A small footnote at the bottom of AAG's mailers stated that "AAG makes every attempt to ensure the home value information provided is reliable, however we provide this information with no guarantee of the accuracy and are not responsible for any errors."

21. The midpoints of estimated home values provided by AAG to consumers were inflated on average by about 18% in reverse mortgages where an appraisal was performed.

22. The high end of the estimated home values provided by AAG to consumers were inflated on average by about 28% in reverse mortgages where an appraisal was performed.

23. AAG also claimed in its advertising mailers that it "makes every attempt to ensure the home value information provided is reliable."

24. In reality, AAG did very little, if anything, to ensure that the home-value information was reliable.

25. Specifically, after 2016, AAG performed no analysis directly related to the estimated home values that it advertised in its mailers.

26. In December 2016, the Bureau settled administratively with AAG for a variety of deceptive statements made in marketing materials that were in violation of the CFPA. The December 2016 settlement was effectuated by an order prescribed by the Bureau. *See* Consent Order, *In re American Advisors Group*, No. 2016-CFPB-0026 (Dec. 7, 2016) ("2016 Consent Order"). The 2016 Consent Order prohibited AAG from violating the CFPA for five years, or until December 2021.

## COUNT 1
### Deceptive Representations About Estimated Home Values

27. The Bureau re-alleges and incorporates by reference paragraphs 1-25.

28. By using inflated estimated home values in its marketing materials, AAG induced consumers to enter into negotiations with the company.

29. This tactic is deceptive, as it would likely lead a reasonable consumer to believe that the consumer had more equity in their home than was actually available and could reap more proceeds from the reverse mortgage than were actually available.

30. AAG's misrepresentations were material because a consumer would likely enter into negotiations with AAG based on the inflated estimate of their home value.

31. Therefore, AAG engaged in deceptive acts or practices that violated the CFPB. 12 U.S.C. §§ 5531(a), 5536(a)(1)(B).

## COUNT 2
### Deceptive Representations About Accuracy of Home Estimates

32. The Bureau re-alleges and incorporates by reference paragraphs 1-25.

33. AAG stated in marketing materials to consumers that it "makes every attempt to ensure the home value information provided is reliable." In fact, AAG made no real attempt to ensure that the home valuations it provided to consumers were reliable.

34. AAG's misrepresentations were likely to mislead consumers acting reasonably under the circumstances because a reasonable consumer would believe that the inflated home estimate was accurate based on AAG's assurances.

35. AAG's misrepresentations were material because they induced consumers to rely on AAG's estimate and enter into negotiations with the company.

36. Therefore, AAG engaged in deceptive acts or practices that violated the CFPA. 12 U.S.C. §§ 5531(a), 5536(a)(1)(B).

### COUNT 3
### Violation of Prior Order

37. The Bureau re-alleges and incorporates by reference paragraphs 1-26.

38. As an order prescribed by the Bureau, the 2016 Consent Order constitutes a federal consumer-financial law as defined by 12 U.S.C. § 5481(14).

39. The deceptive acts and practices committed by AAG violated the 2016 Consent Order and thus violated federal consumer-financial law. 12 U.S.C. § 5536(a)(1)(A).

### DEMAND FOR RELIEF

The Bureau requests that the Court, as permitted by 12 U.S.C. § 5565:

    a.    enjoin AAG from committing future CFPA violations;

    b.    award damages or other monetary relief;

    c.    order AAG to pay redress to consumers;

d. order disgorgement of AAG's ill-gotten gains;

e. impose a civil money penalty on AAG;

f. order AAG to pay the costs incurred in connection with prosecuting this action; and

g. award additional relief as may be just and proper.

Respectfully submitted,
CARA M. PETERSEN
Acting Enforcement Director
JEFFREY PAUL EHRLICH
Deputy Enforcement Director

 /s/ Owen P. Martikan
OWEN P. MARTIKAN (CA Bar #177104)
Assistant Litigation Deputy
Telephone: (415) 844-9790
e-mail: owen.martikan@cfpb.gov
BENJAMIN KONOP
Senior Litigation Counsel
Telephone: 202-435-7265
e-mail: Benjamin.Konop@cfpb.gov
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, D.C. 20552

Attorneys for Plaintiff Consumer Financial Protection Bureau